OPINION OF THE COURT
Alan J. Saks, J.
Motion to dismiss third-party action denied, without costs. This is a motion by the third-party defendant (the Commissioner of Social Services of the City of New York) to dismiss the third-party complaint. As the movant concedes, for the purposes of this motion, the allegations of the third-party complaint are assumed, to be true.
Defendant Jones has been sued by the New York City Health and Hospitals Corporation (H & H) for $2,370, representing the cost for a stay at Lincoln Hospital for six *62 days, at $395 per day. In his third-party complaint Jones is suing the New York City Commissioner of Social Services for indemnification in the event that H & H recovers judgment against him and he is compelled to pay H & H. (Query whether Jones could have proceeded by way of defense rather than impleader, on the theory that H & H is truly the city’s alter ego, since it is in large measure funded by the city and its top administration is subject to city appointment and control, even though for personnel and debt-limit purposes it has a separate judicial status.) H & H is very much a city agency in substance. It operates the municipal hospital system formerly operated by a city department. Fifteen of its 16 directors are either Mayor appointees or high city officers who serve ex officio. The 16th is elected as president by the other 15. One of the ex officio directors is the Commissioner of Social Services. Thus, at the time of the hospital stay in question, Stanley Brezenoff was a director of H & H. As a further illustration of the nexus between H & H and the city, Brezenoff is now president of H & H.
The third-party complaint alleges that, when he was admitted to Lincoln, Jones was eligible for and had been accepted by the Medicaid (medical assistance to the poor) program; that H & H then furnished him with a Medicaid benefits claim form to cover his hospitalization and insisted that he complete it and return it to H & H, which he did while hospitalized; and that the claim was duly presented to the Commissioner of Social Services for Medicaid payment, but he failed to honor it.
The commissioner moves to dismiss on several grounds. The first is that the complaint fails to state a cause in that under the law the city department in question merely makes the initial determination of Medicaid eligibility but the State Department of Social Services is charged with processing and approving subsequent claims for benefits. However, paragraph No. 3 of the city’s affirmation in support of its motion concedes that the city commissioner “is responsible for the administration of public assistance and care for the needy” in New York City. It is not all clear from the pleadings and other papers on file that the city agency plays no role in the administration of the benefits *63 claim payment process. For instance, if Jones could show that benefits claims are supposed to be submitted in the first instance to the city for verification of Medicaid status and then forwarded by the city to the State for audit of the claim, but that the city negligently failed to perform its functions, the third-party suit would bear some resemblance to situations in which an insurance broker negligently fails to transmit a premium or a claim to an insurance company. Indeed, the similarity in identity between H & H and the city might hereafter be held to estop H & H from recovering from Jones, on the theory that the default in payment of the hospital bill was caused by another arm of the city. The court does not wish to be read as implying that the foregoing theories are the exclusive ones to justify the city’s presence as a party to this litigation. Suffice it to say that at this point it is not at all clear that, beyond any peradventure of doubt, the city may not be held accountable for indemnification by contractual agreement or by underlying tortious conduct. Whether the State agency should be added as an additional third-party defendant (by Jones) or as a fourth defendant (by the city) need not now be determined.
The city next contends that the third-party action is barred by the Statute of Limitations, it being asserted that Jones should have sought a “fair hearing” by the State department within 60 days after the benefits application was denied. It is somewhat paradoxical that the city should invoke the Statute of Limitations, since the city was the victor in the leading case that held that the Statute of Limitations on a claim for indemnification does not begin to run until the party seeking indemnification is compelled to pay the main claim. Reference is to McDermott v City of New York (50 NY2d 211, rearg den 50 NY2d 1059). There, the city took delivery of a truck on February 5, 1969. On February 24, 1969, a sanitation worker’s arm was severed when the hopper unexpectedly activated while he was loading refuse. The hopper was designed to activate only when a button at the rear of the truck was pushed. Shortly thereafter (in 1969), the injured worker sued the city. Six and one-half years after the accident, in June, 1975, the city impleaded Heil Company, the manufacturer of the *64 body and hopper of the truck, contending that the product was unsafe and that Heil had been negligent. After trial, the city’s products liability claim against Heil was dismissed on the ground that its gravamen was breach of warranty and it was thus subject to a four-year Statute of Limitations. (The negligence claim was dismissed on the merits and appeal was not taken from that dismissal.) The Court of Appeals reversed, in a decision that merits reading.
Finally, the city argues that, if it be assumed that the city commissioner did act on the claim and deny it, the third-party action constitutes an impermissible collateral attack against his decision, which is reviewable in the first instance by the State department, in a “fair hearing”. The main difficulty with this argument is a factual one. Nowhere is it shown, or even asserted, that Jones was ever given notice that the claim for payment of the hospital bill has been denied by the city commissioner. Furthermore, it is questionable whether, even if such notice and failure timely to seek administrative review could be shown, the ringing rationale of McDermott (supra) would not impose a quasi-contractual duty on the city to hold Jones harmless for breach of duty that may have been caused by the conduct or inaction of either the city department or H & H, which as noted is closely related to the city. (Indeed, in holding the plaintiff harmless, the city would be, in a sense, paying itself, and it would be using funds derived not only from city revenues but from State and Federal sources as well.) Even in a similar case involving a private hospital, it was held that the hospital had a duty to act so as to insure that claims of patients eligible for Medicaid payment are properly processed. (Mount Sinai Hosp. v Kornegay, 75 Misc 2d 302.) Indeed, the latter case expressed approval of the view that, if the patient is eligible for Medicaid, the city Department of Social Services, not the patient, becomes the primary obligor, as the promissor in a third-party beneficiary contract. (See Knickerbocker Hosp. v Downing, 65 Misc 2d 278.) (If H & H wishes to maintain the legal fiction that it is separate and distinct from the city, perhaps it should consider adding or substituting the city as a party defendant in the main action, *65 since its quarrel appears to be with the city department and not with Jones, whom no one, so far, denies was eligible to have his bill paid with Medicaid funds.)
The naming of Stanley Brezenoff as the commissioner is of no consequence.
The third-party action is clearly against the office of the commissioner rather than against him personally, since no personal involvement on his part is alleged. Moreover, even if he had a personal role,, absent willful conduct on his part he would be entitled to indemnification by the city for his personal liability. Since it is sufficient to name the office alone (CPLR 1023), the addition of Brezenoff’s name can be disregarded as harmless surplusage for present purposes.