■ ALBERT NACHOWITZ, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. — Order, Supreme Court, New York County (Burton S. Sherman, J.), entered July 23, 1982, which denied defendant's motion for summary judgment is unanimously reversed, on the law, the motion is granted and the complaint is ordered dismissed, without costs. In this personal injury action plaintiff seeks to recover damages for injuries sustained by him as a result of an assault by unapprehended persons in the Ravenswood Houses, owned and operated by the defendant in Long Island City on November 29, 1979. Plaintiff alleges that prior to the assault, he noticed a New York City Housing Authority policeman patrolling the location where the assailants were apparently hiding and that although the patrolman looked in the direction of the assailants, he did nothing, and proceeded on his patrol. (There is no allegation of proof submitted below that the patrolman actually observed the assailants before proceeding along with his patrol.) Plaintiff also contends that despite

the fact that it was late in the afternoon and that darkness was impending, there was inadequate lighting with the lights either not having been turned on yet, or inoperable, all of which contributed to the claimed lack of adequate protection permitting the assault to take place and his injuries resulting therefrom. The defendant, New York City Housing Authority, is a public corporation, with power to maintain a police force for the prevention of crime at its housing projects (see Public Housing Law, §§ 400-402-a). As such public authority the respondent is cloaked with the same immunity as any municipality providing police protection as part of its governmental function (see *Bass v City of New York,* 38 AD2d 407, affd 32 NY2d 894; *Riss v City of New York,* 22 NY2d 579; *Garrett v Town of Greece,* 78 AD2d 773, affd 55 NY2d 774). That being so, in the absence of a special relationship giving rise to a special and particular duty to an individual, the appellant cannot be held liable for any claimed inadequacy or insufficiency of police protection or for any negligence in the performance of the police services. (See *Florence v Goldberg,* 44 NY2d 189; *Schuster v City of New York,* 5 NY2d 75.) Respondent's proof before Special Term totally failed to set forth any circumstance that would give rise to any special duty owed to him by the appellant New York City Housing Authority. The proof before the court clearly demonstrated that the lighting conditions in and around Ravenswood Houses at the time of the occurrence could not be considered the proximate cause of the respondent's injuries. Respondent's own testimony demonstrates that he knew that the lights were scheduled to be turned on approximately 10 minutes after the assault occurred; that visibility was sufficient for him to see the youths as they approached from some 8 to 10 feet away, enabling him to give a description of one of the assailants, as well as being able to see his own vehicle that was parked some 300 feet distance from the point of the attack. Moreover, there was no indication that the Ravenswood Houses constituted "a high crime area". To the contrary, respondent's testimony at his pretrial deposition was that the tenant patrol that previously functioned at the development had discontinued its operations some four or five months earlier, because there had not been any incidents there that would require them to maintain the patrol. Accordingly, the motion for summary judgment should have been granted. Concur — Murphy, P. J., Sullivan, Carro, Milonas and Alexander, JJ.