(October 2, 1984)

█ GEORGE L. CLARK, JR., Individually and as Chairman of the New York Republican State Committee, Respondent, v MARIO M. CUOMO, as Governor of the State of New York, et al., Appellants. — Motion to vacate statutory stay pursuant to CPLR 5519 (subd [c]) granted, without costs. Unlike the situation presented upon respondent's prior motion to vacate the statutory stay, which motion was denied, a final judgment has now been rendered, after trial, adjudging that Executive Order No. 43 [9 NYCRR 4.43] is unconstitutional and enjoining appellants from implementing the order. Upon consideration of the particular circumstances presented, we are of the opinion that the statutory stay should be vacated. Appellants shall file and serve record and brief on or before October 15, 1984. Respondent shall file and serve his brief on or before October 29, 1984. Appeal set down for term commencing November 13, 1984. Mahoney, P. J., Kane, Casey and Levine, JJ., concur.

Weiss, J., dissents and votes to deny the motion in the following memorandum: Weiss, J. (dissenting). I reject the majority decision. Pursuant to CPLR 5519 (subd [a], par 1), an automatic stay resulted from appellants' filing of the instant notice of appeal. While the majority has ostensibly exercised its discretionary authority pursuant to CPLR 5519 (subd [c]) in vacating the stay, in my view, respondent's papers are insufficient to warrant any such discretionary relief. The statutory stay is designed to maintain the *status quo* during the course of appellate proceedings whenever the State or a political subdivision is an appellant in the litigation. Historically, the stay in favor of the State was unconditional (see former Civil Prac Act, §§ 570, 571; 7 Weinstein-Korn-Miller, NY Civ Prac, pars 5519.03, 5519.15). Upon enactment of the CPLR in 1962 (L 1962, ch 308, eff Sept. 1, 1963), CPLR 5519 (subd [c]) was included to accord a vehicle of protection to private parties where the automatic stay

in favor of the State proved unduly burdensome (see 7 Weinstein-Korn-Miller, NY Civ Prac, par 5519.15). The language of the subdivision is clearly discretionary; this court "may vacate, limit or modify a stay imposed by paragraph one of subdivision (a)" (CPLR 5519, subd [c] [emphasis added]). In view of the legislative history, it becomes clear that such discretion should be exercised in favor of a private litigant only where the legislatively sanctioned stay expressed in CPLR 5519 (subd [a], par 1) would serve to effect an undue hardship against that litigant without promoting any viable State interest. Contrary to the majority decision, the underlying judgment declaring Executive Order No. 43 [9 NYCRR 4.43] unconstitutional does not *ipso facto* mandate vacatur of the statutory stay.

With the above guidelines in mind, examination of the papers upon which respondent seeks vacatur of the stay discloses a very significant deficiency which I believe mandates denial of the motion. The sole support for the motion is the affidavit of respondent's counsel which, in essence, contends that the purpose of Executive Order No. 43 is limited to the 1984 election and, more specifically, to the current voter mail registration program which expires October 9, 1984 (see Election Law, § 5-210, subd 3). The affidavit blatantly states that the Governor's voter registration program is "all to achieve a personal political goal". I am unwilling to ascribe such a surreptitious motive to the Governor. The executive order is not limited to the 1984 election; rather, it is conceived and intended to remedy a deficiency in our State both glaring and frightening, that is, the failure of so many of our citizens to exercise the sacred franchise of voting. The Governor's vision on this problem is not myopic; it extends far beyond October 9, 1984. Since the appeal from the judgment will be heard by this court within the next 45 days, the appellate process will not have been abused by any alleged procrastination or delay on appellants' part. On the other hand, granting the motion to vacate the statutory stay will, in essence, serve only to prevent mail registration of voters during the next seven days. I fail to see how the encouragement of citizens to register and vote during this brief interval can support the relief sought. There is nothing in the papers before us to demonstrate any improper behavior in the implementation of the registration program rising to the level of immediate harm to respondent which vacatur would serve to remedy. In the exercise of my discretion, I would deny the motion and permit the statutory stay to remain intact until the appeal is decided.