OPINION OF THE COURT
Emily Jane Goodman, J.
In this lawsuit, plaintiff hospital (H&H) seeks fees from the defendant (Ms. Logvinsky) a woman who gave birth at the hospital. The defendant, represented by pro bono counsel, has impleaded the Commissioner of the Human Resources Administration of the City of New York (HRA), on the theory that because Ms. Logvinsky is eligible for Medicaid, any liability of hers to the hospital is the third-party defendant’s liability.
Before this court is the third-party defendant’s (HRA) motion to dismiss the third-party complaint on several grounds. First, the HRA asserts that this court lacks subject matter jurisdiction because, in its view, Ms. Logvinsky seeks to grieve a declaration of ineligibility for Medicaid and therefore has as her only remedy a CPLR article 78 proceeding. But HRA further argues that Ms. Logvinsky has not exhausted her *768 administrative remedies and therefore she is not in the proper position to bring such an article 78 proceeding. At the same time, HRA asserts that the Statute of Limitations has run, in that CPLR 217 requires an article 78 to be brought within four months of a final and binding determination, and that moreover Administrative Code of the City of New York § 394a-1.0 requires a 30-day notice of claim to be filed in the Comptroller’s office, which Ms. Logvinsky also failed to do.
These arguments are all flawed in the same respect: they overlook the form of this action. HRA’s attempt is to dismiss a third-party complaint which alleges that it, as the third-party defendant, is liable to the plaintiff H&H for any debts incurred by the third-party plaintiff, Ms. Logvinsky.
The availability of article 78 to grieve an adverse administrative finding, had there been one, does not affect the availability of CPLR 1007 to bring HRA into this action. In its attempt to invoke any conceivable procedural bar to liability HRA takes conflicting positions: it urges dismissal because the Statute of Limitations of four months has run, while also asserting that Ms. Logvinsky has failed to exhaust her administrative remedies. These arguments are logically inconsistent. The four-month period begins to run upon final and binding administrative determination. In order for the Statute of Limitations to have run, administrative remedies must have been exhausted.
But the posture of the case, were it an article 78 proceeding, is not relevant to HRA’s motion to dismiss. This is not a grievance of a denial of benefits. Neither is the requirement of a notice of claim applicable to third-party practice. The Court of Appeals, in addressing a similar notice of claim requirement in General Municipal Law § 50-e, said: “The object * * * in permitting the joinder of third-party defendants, which is done in this case by the commencement of the third-party action, is to avoid circuity of action by enabling the issues of indemnification to be determined upon evidence in the principal action when the principal action is tried. This presents an exception to the usual rule that an action can be commenced only after plaintiff’s cause of action has accrued, and is a case which has been omitted from the coverage of sections [requiring a notice of claim] * * * Those sections were not designed to render section 193-a of the Civil Practice Act incapable of being applied to a situation such as this. Otherwise the advantage of this third-party practice could not be extended to cases involving municipal or other public corporations.” (Mat *769 ter of Valstrey Serv. Corp. v Board, of Elections, 2 NY2d 413, 416 [1957].)
This court finds lamentable the need for litigation such as this case, and the multitude of cases like it. A complicated, multiparty lawsuit, or several actions, is undertaken to settle essentially intracity administrative business. (For a discussion of the unity in interest between the Health & Hospitals Corporation and the city’s Department of Social Services see, New York City Health & Hosps. Corp. v Jones, 117 Misc 2d 61 [Civ Ct, Bronx County 1982].) In fact, one court has suggested that it might be proper for defendants to proceed in these cases by simply interposing Medicaid liability as a defense. That is to say, upon suit by the city’s Health & Hospitals Corporation, the defendant may respond by asserting that because the city (in the form of another of its departments) is liable on the claim, the defendant has a defense to liability to the city (New York City Health & Hosps. Corp. v Jones, supra).
The problem, in any case, is that the onus of navigating this complicated and legalistic area falls upon those with the least resources and with the least likelihood of engaging the help of counsel. Understanding about the availability of Medicaid, not to mention finding one’s way through the application and eligibility forms and procedures, is itself a heavy burden.
This court agrees with Judge Leonard H. Sandler, who found that:
"Although the responsibilities of the hospital are not defined with adequate clarity in the statute or accompanying regulations, I am satisfied that the situation set up by the statutory pattern imposes on the hospital the duty to ascertain the possible eligibility of the patient or family, give adequate directions and information, and maintain a sufficient continuing interest to insure that eligible patients or family file the required applications and that appropriate action is taken. These responsibilities follow inexorably from the obvious reality that specialized hospital personnel are almost certain to be far more knowledgeable about the legal requirements than the average patient and also to have an on-going relationship with the department that permits ready correction of misunderstandings or points of confusion.
"Nor does this seem to me an unfair or onerous burden to impose on hospitals. The proper discharge of their responsibilities is not only important for the protection of the needy patients. Surely, the hospitals have a very direct interest in *770 being compensated through medical assistance rather than pursuing poor people for money they do not have.” (Mount Sinai Hosp. v Kornegay, 75 Misc 2d 302, 304 [Civ Ct, NY County 1973].)
Nowhere in the papers before this court has the hospital refuted the defendant’s allegation that although she accepted the hospital’s offer to file a Medicaid application for her, no application was made. (See also, New York City Health & Hosps. Corp. v Gorman, 113 Misc 2d 33 [Sup Ct, NY County 1982].)
However, inasmuch as only HRA’s motion to dismiss the third-party complaint is before this court, it must be decided whether, assuming the continued existence of the plaintiff’s action, the impleader complaint survives. HRA’s final basis for seeking dismissal is that the State Department of Social Services, not HRA, pays Medicaid. However, regardless of the origin of the funds, it is the city department which has the responsibility to determine eligibility and which administers the claim.
Accordingly, the HRA is the proper party.
For the foregoing reasons, the third-party defendant’s motion to dismiss the complaint is denied.