OPINION OF THE COURT
Alan J. Saks, J.
Motion by defendant to vacate restraining notice to garnishee, dated July 28, 1992 and directed to Chemical Bank, pending defendant’s appeal from a judgment after trial is granted to the extent of vacating said restraining notice and staying further enforcement of said judgment pending defendant’s appeal therefrom to the Appellate Division.
It is this court’s view that the New York City Housing Authority (HA) is a political subdivision or agency of the State, as that term is used in CPLR 5519 (a), which affords an automatic stay of enforcement when such an entity appeals a money judgment. Since neither that section nor its Civil Practice Act predecessors define the status of public housing authorities, it is necessary to search the HA’s enabling laws, to determine whether it is performing essentially governmental functions. (See, Grant v Metropolitan Transp. Auth., 96 Misc 2d 683 [Sup Ct, NY County 1978].) HA was originally created under article 5 of the State Housing Law, which was superseded by title I of article 13 of the Public Housing Law. Section 401 of the latter declares it to be "a body corporate and politic with all of the powers, rights and duties set forth in” the former. It consists of three members appointed by the Mayor, one of whom is designated by the Mayor as chairman. These officers must serve full time, and their salaries are fixed by the Board of Estimate. It is empowered, inter alia, to: maintain a police force and to regulate motor vehicle traffic on its grounds. (Public Housing Law § 401.) Its officers and *239 employees are entitled to defense and indemnification in civil actions. (Id., § 402-a.) As has been noted, the HA’s police forces perform governmental functions, thereby cloaking the HA with the same immunity as any municipality providing police protection as part of its governmental function. (Nachowitz v New York City Hous. Auth., 97 AD2d 373.)
The same balancing of policy considerations that result in an automatic stay on appeal for the City of New York apply with equal force to HA — presumed continued solvency and possible disruption of the public weal. Indeed, since HA is a political subdivision or agency of the State, even if the stay is hereafter vacated, plaintiff ought to consider the effect of CPLR 5207 before attempting to enforce the judgment by resorting to a CPLR article 52 procedure. It would seem more appropriate that a judgment against a governmental agency be enforced by a CPLR article 78 proceeding in the nature of mandamus, which can result in an order punishable by contempt against an individual officer or the governmental body, rather than by restraint of public property. Thus, it would be unseemly for someone to enforce a judgment against the New York City Transit Authority by levying upon a subway train.
In any event, even if the defendant were to be deemed not an agency or subdivision of the State, this court would have construed the motion as one for a discretionary stay under CPLR 5519 (c) and would have granted it in the court’s discretion. It is clear that a stay is in the public interest and will not prejudice plaintiff, provided that the appeal is prosecuted with due diligence. If it is not, plaintiff may move in the Appellate Division to vacate it. (CPLR 5519 [c].) Moreover, a stay does not impair the accrual of interest, and the legal rate of 9% per annum is a highly favorable one for both the plaintiff and her counsel.
Defendant’s motion for sanctions against plaintiff’s counsel is patently without merit and is denied. The restraining notice was issued before the notice of appeal was filed. There is no indication that defense counsel requested plaintiff’s counsel to consent to vacate the restraint after the notice of appeal was filed. Moreover, there appears to be no reported prior decision confirming HA’s status as an agency or subdivision of the State.