(June 6, 1995)

■ TOWN OF ORANGETOWN, Appellant, v JOHN F. MAGEE et al., Respondents. [631 NYS2d 41] —Motion by the appellant, *inter alia*, to vacate all restraining notices served upon its bank accounts by the respondents, on the ground that the service of those notices violated the automatic stay of enforcement of a judgment of the Supreme Court, Rockland County, dated December 27, 1993, obtained by the appellant, a political subdivision of the State, pursuant to CPLR 5519 (a) and to punish the respondents for contempt for violating the automatic stay provisions of CPLR 5519 (a).

Upon the papers submitted in support of the motion and the papers submitted in opposition thereto, it is

Ordered that the motion is denied, and the temporary restraining order contained in the order to show cause dated May 25, 1995, is vacated.

By decision and order dated May 8, 1995, *inter alia*, this Court affirmed a judgment of the Supreme Court, Rockland County, dated December 27, 1993, which awarded damages to the respondents in the total amount of $5,137,126. Thereafter, on May 9, 1995, the respondents personally served the appellant and its attorney with a copy of this Court's order, with notice of entry. On the same day, the appellant served the respondents with an affidavit of intention to move for permission to appeal, purportedly pursuant to CPLR 5519 (a). The appellant claims that service of this affidavit provided it with a new automatic stay of enforcement of the judgment for 30 days, the time within which a motion to seek leave to appeal to the Court of Appeals must be made under CPLR 5513 (b). The appellant further claims that the restraining notices served by the respondents on or about May 24, 1995, were issued in violation of the new stay of the judgment and must be vacated.

Appellant's reliance on CPLR 5519 (a) is misplaced. Where, as here, the judgment in question has been affirmed, any further stay of its enforcement is governed by CPLR 5519 (e). That section, entitled "[c]ontinuation of stay," provides that,

upon affirmance or modification of a judgment, the enforcement of which had been stayed: "the stay shall continue for five days after service upon the appellant of the order of affirmance or modification with notice of its entry in the court to which the appeal was taken. *If an appeal is taken, or a motion is made for permission to appeal from such an order, before the expiration of the five days,* the stay shall continue until five days after service of notice of the entry of the order determining such appeal or motion" (emphasis added).

It is uncontested that the appellant failed to appeal or to move to seek leave to appeal within five days from the service upon it of a copy of this Court's decision and order affirming the judgment, with notice of entry, as is required by CPLR 5519 (e). The automatic five-day stay of the judgment therefore expired on May 15, 1995 (*see,* General Construction Law § 20), and the respondents, after that date, could properly seek to enforce it. We note that the appellant is not precluded from seeking a stay of enforcement of the judgment pursuant to CPLR 5519 (c) if and when it does move for leave to appeal the decision and order of this Court dated May 8, 1995. Mangano, P. J., Sullivan, Copertino and Altman, JJ., concur.