OPINION OF THE COURT
Levine, J.
CPLR 5519 consolidates all of the provisions of the State’s civil procedure code regarding stays pending appeal. This appeal requires us to address the interplay between two subdivisions of CPLR 5519 — CPLR 5519 (a) and (e). CPLR 5519 (a) (1) grants an automatic stay to the State, and its political subdivisions, their agencies and officers, pending an appeal from a judgment or order. CPLR 5519 (e) provides that a stay will be continued pending resolution of a second-level appeal or until a motion for permission to take such an appeal is denied, provided the governmental appellant serves and files its notice of appeal or motion for leave to appeal within five days after service of an adverse order with notice of entry.
*431 The dispositive question is whether a governmental appellant obtains a new automatic stay under CPLR 5519 (a) when it appeals or files a motion for leave to appeal from an adverse order of an intermediate appellate court, even though it allowed its original automatic stay to lapse by failing to serve and file as required by CPLR 5519 (e) to continue that stay. We answer that question in the affirmative and, therefore, hold that although the City failed to take the steps needed to continue its original automatic stay under CPLR 5519 (e), it obtained a new automatic stay when it moved for leave to appeal to this Court.
Plaintiff commenced this personal injury action against the City of New York, seeking damages for injuries inflicted by a police officer. Following a jury trial and reduction of the damages award by the trial court (to which plaintiff consented), a structured judgment was entered in May 1997 pursuant to CPLR article 50-B, awarding plaintiff approximately $5 million against the City. The City appealed, automatically staying enforcement of the judgment pursuant to CPLR 5519 (a) (1).
The Appellate Division modified the judgment only by deleting the provisions that awarded plaintiff $4 million for past and future pain and suffering, and granting a new trial with respect to those damages unless plaintiff stipulated to reduce them to the principal sum of $2 million “and to the entry of appropriate amended judgment in his favor” (257 AD2d 566, 567). The order further provided that “in the event that the plaintiff so stipulates, then the judgment as so reduced and amended is affirmed, * * * and the matter is remitted to the Supreme Court * * * for entry of an appropriate amended judgment accordingly” (id.).
On January 11, 1999, plaintiff personally served the City with a copy of the Appellate Division order with notice of entry. In March, plaintiff stipulated to accept the reduced damages award and, on July 6, 1999, the first amended judgment was entered and personally served on the City with notice of entry. That judgment entitled plaintiff to receive an initial lump sum payment (see CPLR 5041 [b]) of $598,692, and required the City to purchase an annuity contract providing for monthly payments of the appropriately adjusted amount of the remaining damages (see CPLR 5041 [e]). CPLR 5043 (a) required the City to post the annuity contract as security “within thirty days after the date the judgment [was] entered.”
By letter dated July 16, 1999, plaintiff requested the City to “promptly satisfy the judgment against it, including the tender *432 of a conforming annuity contract.” The City did not respond. Rather, on August 5, 1999, the City moved at the Appellate Division for leave to appeal to this Court.
On August 16, 1999, while the City’s motion for leave to appeal was still pending before the Appellate Division, plaintiff moved at Supreme Court for an order directing acceleration of payments pursuant to CPLR 5044. Section 5044 provides that if a structured judgment debtor “fails for any reason to make a payment in a timely fashion according to the terms of’ article 50-B, upon the judgment creditor’s petition an order may be granted accelerating all of the periodic payments without conversion to present value. On August 18, 1999, the Appellate Division denied the City’s motion for leave to appeal. On September 23, 1999, the City moved at this Court for leave to appeal. We denied that motion by order dated November 30, 1999, and plaintiff personally served the City with a copy of that order with notice of entry on December 3, 1999.
On December 10, 1999, Supreme Court granted plaintiffs motion for accelerated payment of the full amount of the first amended judgment without discounting it to present value. The court read CPLR 5519 (a) (1) and (e) as collectively providing for only a single automatic stay pending an appeal, which expires unless the governmental entity seeks further appellate review within the time specified in CPLR 5519 (e). Because the City failed to obtain a discretionary stay after its automatic stay purportedly had lapsed, the court charged the City with delay in making the required payments under the first amended judgment from July 12, 1999 to the date of its order. The court found that such a delay constituted untimeliness, granted acceleration and entered a second amended judgment accordingly.
The Appellate Division affirmed the second amended judgment, agreeing with Supreme Court that no new automatic stay came into existence either when the City moved at the Appellate Division for leave to appeal to this Court or when it made that same motion here (282 AD2d 519). It also agreed that the City’s resulting delay in making the payments under the first amended judgment from July 12,1999 to the December date of the Supreme Court order justified acceleration of the payments, as reflected in the second amended judgment. We granted leave to appeal and now reverse.
CPLR 5519 (a) (1) provides that service by a governmental entity “upon the adverse party of a notice of appeal or an affi *433 davit of intention to move for permission to appeal stays all proceedings to enforce the judgment or order appealed from pending the appeal or determination on the motion for permission to appeal.” CPLR 5519 (e), in turn, provides for the continuation of a stay for five days after service upon an appellant of the adverse order with notice of its entry. It also provides for the further continuation of that stay where an additional appeal is pursued within that same five-day period.
The courts below held that while the City was entitled to an automatic stay under CPLR 5519 (a) (1) during its initial appeal to the Appellate Division, it forfeited the right to an automatic stay pending resolution of its motion for leave to appeal to this Court when it failed to satisfy the requirements of CPLR 5519 (e) (see also Town of Orangetown v Magee, 216 AD2d 343 [2d Dept]; but see New York State Assn. of Counties v Axelrod, 213 AD2d 18 [3d Dept 1995], lv dismissed 87 NY2d 918 [1996]). We disagree with this interpretation of the interrelationship between CPLR 5519 (a) (1) and (e).
CPLR 5519 (a) (1) does not limit availability of a governmental appellant’s automatic stay to appeals to the Appellate Division, but by its terms applies to all appeals and motions for leave to appeal, including those to this Court. The express language of CPLR 5519 (e) similarly does not preclude the possibility of successive automatic stays pending successive appeals or motions for leave to appeal by governmental entities. Rather, subdivision (e) merely provides for the “[c]ontinuation of [an original] stay,” allowing an appellant to retain a stay arising from a first stage appeal without interruption by appealing or seeking leave to appeal to a higher appellate court within the five-day time frame specified therein. Nothing in subdivision (e) precludes a governmental entity whose original automatic stay has lapsed from later obtaining a new automatic stay under CPLR 5519 (a).
The above interpretation is fully consistent with our prior treatment of these stay provisions. Thus, in Matter of 383 Madison Assoc. v New York City Planning Commn. (73 NY2d 906 [1989]), when the City Planning Commission requested a stay pending resolution of its motion for leave to appeal an Appellate Division order affirming an adverse judgment, we held: “Motion for a stay denied as unnecessary on the ground that the municipal respondents’ motion for leave to appeal in this court provides an automatic stay” under CPLR 5519 (a) (1) (see also Matter of City of Peekskill v Williams, 69 NY2d 853 [1987]). Our holding also fosters the public policy underlying *434 CPLR 5519 (a) (1) — to stabilize the effect of adverse determinations on governmental entities and prevent the disbursement of public funds pending an appeal that might result in a ruling in the government’s favor (see 12 Weinstein-Korn-Miller, NY Civ Prac 5519.03; Siegel, NY Prac § 535, at 884 [3d ed]; 1 Newman, New York Appellate Practice § 6.02 [1], at 6-4).
Contrary to plaintiffs position, our interpretation of the statute does not render subdivision (e) superfluous. That subdivision still allows for the continuation of an original automatic stay, without any lapse, provided the appellant satisfies the time requirements established therein. Its effect is to leave the governmental appellant vulnerable in an appropriate case to enforcement of the judgment during the lapse between the expiration of the initial CPLR 5519 (a) (1) stay and a subsequent stay obtained by delayed initiation of a second-level appeal.
In this case, even if the City’s first automatic stay lapsed on July 12, 1999, because the City failed to seek leave to appeal within the time frame of CPLR 5519 (e), the City obtained a new automatic stay 24 days later under CPLR 5519 (a) (1) when it moved at the Appellate Division on August 5 for leave to appeal to this Court. Even assuming that plaintiff personally served the City with a copy of the Appellate Division order denying the motion for leave to appeal with notice of entry on August 23, as the City initially conceded in its Appellate Division brief, the second stay did not lapse until August 28, 1999. On September 23, 1999, 26 days later, the City obtained yet another stay when it moved at this Court for leave to appeal. That stay expired on December 8, 1999, five days after plaintiff served the City with our order denying the motion for leave to appeal with notice of entry. Under these circumstances, plaintiff’s motion for acceleration under CPLR 5044 should not have been granted.
CPLR 5044 provides for acceleration of the future payments due under a structured judgment when the judgment debtor fails “to make a payment in a timely fashion” (emphasis supplied). Here, untimeliness was never established. Under CPLR 5043 (a), the City had 30 days from entry of the amended judgment to tender the annuity contract. However, because of the various automatic stays the City obtained under CPLR 5519 (a) (1), the City did not violate its statutory obligation to provide an annuity contract because there was never a period of time in which a stay had lapsed for as much as 30 days.
*435 While article 50-B requires the tender of an annuity contract within 30 days of entry of a judgment (see CPLR 5043 [a]), the statute provides no specific time frame for the tender of the initial lump sum payment due under a structured judgment. Thus, whether that payment is made “in a timely fashion” will depend on the circumstances presented in the particular case. In view of the relatively short periods of time in which the City’s obligation to make the initial lump sum payment was not stayed, the City’s failure to make a lump sum payment of the magnitude involved here cannot be held to be untimely as a matter of law.
Accordingly, the order of the Appellate Division should be reversed, with costs, plaintiff’s motion pursuant to CPLR 5044 to accelerate payment of the first amended judgment denied and the first amended judgment reinstated.
Chief Judge Kaye and Judges Smith, Ciparick, Wesley, Rosenblatt and Graffeo concur.
Order reversed, etc.