OPINION OF THE COURT
Jose Rodriguez, J.
Petitioners commenced the instant housing preservation proceeding, via an order to show cause on April 21, 2015, seeking a finding that conditions described in the petition constitute violations of housing standards, seeking an order directing respondents to correct said violations and enjoining respondents from permitting said violations to exist, and for such other and further relief authorized by law. The premises in question are as follows: 2120 Randall Avenue, Bronx, NY 10473; 2125 Randall Avenue, Bronx, NY 10473; 2160 Seward Avenue, Bronx, NY 10473; and 530 Olmstead Avenue, Bronx, NY 10473.
The New York City Housing Authority (NYCHA), Shola Olatoye, the Chairwoman of the New York City Housing Authority (Chairwoman), New York City Department of Housing Preservation and Development, New York City Department of Buildings, and New York City Department of Health and Mental Hygiene are named as respondents.
Respondent New York City Housing Authority cross-moves this court to dismiss the instant case against Shola Olatoye, arguing that the Chairwoman is neither a necessary nor proper party. Respondent does not challenge the substance of petitioners’ repair claim.
CPLR 1001 (a) defines necessary parties as persons “who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action.” However, employees of public agencies may not be proper parties if they were acting within the scope of their employment. (Batshever v *1005 Black, 31 Misc 3d 136[A], 2011 NY Slip Op 50645[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; Shipman v City of N.Y. Support Collection Unit, 183 Misc 2d 478 [2000]; Russell v New York City Hous. Auth., 160 Misc 2d 237 [1992]; Urraro v Green, 106 AD2d 567 [2d Dept 1984]; New York City Health & Hosps. Corp., Lincoln Hosp. v Jones, 117 Misc 2d 61 [1982].)
Public Housing Law § 402-a states that NYCHA employees are entitled to defense and indemnification for acts or omissions done within the scope of their employment. Public Housing Law § 402-a also states that employees of the New York City Housing Authority shall have indemnity against civil judgments if the act or omission at issue was done “within the scope of his or her public employment and in the discharge of his or her public duties.” (Public Housing Law § 402-a [2]; see also Batshever v Black, 31 Misc 3d 136[A], 2011 NY Slip Op 50645 [U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; Russell v New York City Hous. Auth., 160 Misc 2d 237 [1992].)
In Batshever v Black, plaintiff Batshever sued the New York City Housing Authority, along with Housing Authority employees, for wrongfully damaging or destroying the front door of the premises in question. (Batshever v Black, 31 Misc 3d 136[A], 2011 NY Slip Op 50645[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011].) The court in Batshever, citing Public Housing Law § 402-a, found that the Housing Authority employees were acting within the scope of their employment and therefore entitled to defense and indemnification by the Housing Authority. (Id. )
Furthermore, the naming of a government employee in an action in which he or she was acting within the scope of his or her employment may amount to surplusage. (New York City Health & Hosps. Corp., Lincoln Hosp. v Jones, 117 Misc 2d 61, 65 [Civ Ct, Bronx County 1982].) In New York City Health & Hosps. Corp., Lincoln Hosp. v Jones (117 Misc 2d 61 [1982]), the New York City Health and Hospitals Corporation named the Commissioner of Social Services in an action to recover a hospital bill. The court found that naming the Commissioner personally amounted to surplusage. The court went on to state that “even if he had a personal role, absent willful conduct on his part he would be entitled to indemnification by the city for his personal liability.” (Id. at 65.)
Petitioners argue that they will not be able to get the relief they seek without naming the Chairwoman, citing City of New *1006 York v Long Is. Airports Limousine Serv. Corp. (48 NY2d 469 [1979]). In City of New York v Long Is. Airports Limousine Serv. Corp., the petitioner, the City of New York, sought to enjoin a limousine company from transporting passengers into the city without the City’s consent. (Id. at 472.) The Court found that the Commissioner of Transportation was a necessary party, because he had the authority to override local authorities (i.e. the petitioner). Additionally, the Commissioner may have felt bound by the Court’s decision or could have been inequitably affected by the judgment. (Id. at 474.)
The instant proceeding is distinguishable from City of New York v Long Is. Airports Limousine Serv. Corp., because the Chairwoman is being sued in her official capacity for alleged actions squarely within the scope of her employment. The Commissioner of Transportation in City of New York v Long Is. Airports Limousine Serv. Corp. was not being sued in his official capacity for actions within the scope of his employment. He was joined as a party because he, as a state official, had the potential authority to supersede the authority of the petitioner, the City of New York. Here, the Chairwoman is in no such position to override the authority of respondent NYCHA.
In the instant proceeding, petitioners do not allege that the Chairwoman was acting outside the scope of her employment. Nor do they allege any negligent or otherwise tortious conduct. As such the Chairwoman is not a proper party and is entitled to defense and indemnification in the instant proceeding. The relief petitioners are seeking, correction of housing violations, is not contingent on having the Chairwoman as a named respondent. The order of the court binds all parties. Specifically naming the Chairwoman as a respondent in this action amounts to surplusage.
Accordingly, respondent’s motion to dismiss as to respondent Chairwoman Olatoye is granted.