## Panasia Estate, Inc. v 29 W. 19 Condominium

2025 NY Slip Op 32013(U)

June 5, 2025

Supreme Court, New York County

Docket Number: Index No. 157852/2019

Judge: Frank E. Lyle

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. LYLE E. FRANK** | **PART** | **11M** |
| | *Justice* | | |

---------------------------------------------------------------------------------X

PANASIA ESTATE, INC.,

                        Petitioner,

            - v -

29 WEST 19 CONDOMINIUM, LAUREN CIPICCHIO,
DANIEL DALY, MKF REALTY CORP.

                       Respondent.

---------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 157852/2019 |
| **MOTION DATE** | 03/13/2025, 04/10/2025 |
| **MOTION SEQ. NO.** | 010 011 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 010) 259, 260, 261, 262, 263, 264, 265, 266, 267, 271, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 307, 308, 309

were read on this motion to/for                   MISC. SPECIAL PROCEEDINGS    .

The following e-filed documents, listed by NYSCEF document number (Motion 011) 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 305, 306

were read on this motion to/for                        DISCHARGE       .

     Upon the foregoing documents, petitioner's motion is denied and respondent's order to show cause is granted.

## Background

     This motion 010 and order to show cause 011 arise out of a long-running dispute between commercial neighbors over a planned construction project and an RPAPL § 881 access license. Petitioner Panasia Estate, Inc., filed this special proceeding in 2019 seeking the aforementioned access license, and the procedural history since then has become somewhat voluminous. Relevant to this motion are the issues of insurance policy coverage- and attorneys' fees.

### *The Insurance Policy Orders*

     In 2022 the First Department remanded the matter back to the trial court to "specify the applicable insurance, including policy limits, that petitioner is required to procure in favor of

[* 1]

respondents" (the "Remand Order"). Then, in 2023, Petitioner filed an Order to Show Cause, seeking to specify the applicable insurance policy limits. They had attached a sample Certificate of Liability Insurance. This Court issued an order (the "June Order") that denied the order to show cause, on the grounds that the Petitioner had "failed to provide a formal proposed insurance package detailing the specific coverage proposed to be provided and ensuring compliance with applicable laws" which the Court deemed necessary in order to comply with the Remand Order.

In the June Order, this Court gave the Petitioner 60 days to submit a "proposed insurance package as to the location in question" and required that the package abide by all applicable laws. The submission provided by Petitioner in response was another sample, and did not specifically pertain to the location in question. In August of 2024, a virtual oral argument on the matter was held, during which the Court directed Petitioner to prove actual insurance for the location in question. Petitioner does not currently have a general contractor retained for the underlying construction project.

### *The Attorneys' Fees and Money Judgment Issue*

The Remand Order also affirmed but modified an award of attorneys' fees to the respondents. Subsequent interim orders awarded further legal fees to the various respondents. Respondent MKF Realty Corp. (here, "Respondent") has obtained a money judgment against Petitioner (the "MKF Judgment"). Funds in the amount of $86,201.39 were placed in an undertaking bond in 2022, as Petitioner sought an appeal. The amount in the surety bond currently is insufficient to satisfy the judgment principal plus accrued interest. In 2024, the First Department affirmed the judgment and the underlying order. Petitioner appealed that affirmance to the Court of Appeals, and that motion for leave to appeal was dismissed on finality grounds in June of 2024 (the "Court of Appeals Dismissal"). This was the second round of appeals on this

award of attorneys' fees that have led to an affirmance from the First Department and a dismissal as non-final from the Court of Appeals.

**Discussion**

In response to the June Order, the Petitioner has brought the present motion sequence 010 and submits an old policy for the building that expired in 2023 and asks that the Court order that any future general contractor chosen for the project provide the same insurance. They also seek leave to file amended undertakings in order to bring the surety bond up to the necessary amount, and to stay enforcement of fee awards pending further appeal. Respondent opposes the motion, and in motion sequence 011 moves by order to show cause for an order directing the relevant surety company to release the undertaking bond, directing a further award of attorneys' fees and money judgment, and the right to issue a property execution against the assets of the Petitioner and the current property owner of the building in question for any amount that exceeds the contents of the surety bond. Petitioner opposes the order to show cause. For the reasons that follow, Petitioner's motion 010 is denied and Respondent's motion 011 is granted.

*The Insurance Policy in Question is Insufficient*

Petitioner submits the actual insurance policy that it initially obtained in connection with this project with the then general contractor Quest Builders Group, Inc. This policy expired in 2023. Petitioner requests that the Court issue an order directing that the applicable insurance required of them is a policy that would have similar provisions and requirements. Respondent argues that in this motion, Petitioner has presented a matter that is not ripe for adjudication because they have failed to present an actual insurance policy that is either ready to be bound or is presently in effect. They also argue that the submission fails to satisfy the requirements of previous directives of this Court. The Court agrees. In effect, the Petitioner is asking the Court to

[* 3]

issue an advisory opinion for future matters that are contingent on a variety of factors.

Furthermore, the submission is an expired policy, not a proposed policy, and the promise that

any future general contractor retained would comply with all needed requirements is speculative.

Petitioner should, to be clear, present for this Court's review an insurance policy specific to the

location in question that is either already in effect or is ready to be bound, in order to be

considered a proposed insurance package as required by the June Order.

### *The Surety Bond Should Be Released to Respondent and the Judgments Are Not Stayed*

Petitioner seeks to invoke the automatic stay provided in CPLR § 5519(a) as they have

affirmed that they intend to move for permission to appeal the interim awards again to the Court

of Appeals. This provision of the CPLR states that "[s]ervice upon the adverse party of a notice

of appeal or an affidavit of intention to move for permission to appeal stays all proceedings to

enforce the judgment or order appealed from pending the appeal or determination on the motion

for permission to appeal." Section 5519(a)(2) further requires that if the appeal is for a money

judgment or award of money, an undertaking in that amount be given. Petitioner attests in their

moving papers that they intend to move for leave to appeal once more to the Court of Appeals

once there is finality, which is presumed to mean once the insurance policy issue is completed.

Respondent has opposed, arguing that the grounds for holding the funds in a surety bond have

been resolved.

CPLR § 5519(a)(2) states that once the order that is appealed is "affirmed, or the appeal

is dismissed, the appellant or moving party shall pay the amount directed to be paid by the

judgment or order." Here, the undertaking was originally posted for Petitioner to appeal to the

First Department. That appeal was granted, and the order was affirmed. Then Petitioner appealed

to the Court of Appeals. That motion was dismissed. Under the plain language reading of the

[* 4]

CPLR, the requirements for the undertaking to be paid to Respondent have been met. Petitioner may attempt to appeal for a third time, but under the terms of the CPLR the undertaking should be disbursed.

Petitioner cites to *Summerville*, but that case involved the "question [of] whether a governmental appellant obtains a new automatic stay under CPLR 5519(a) when it appeals or files a motion for leave to appeal from an adverse order of an intermediate appellate court, even though it allowed its original automatic stay to lapse by failing to serve and file as required by CPLR 5519(e) to continue that stay." *Summerville v. City of New York*, 97 N.Y.2d 427, 431 [2002]. The Court finds that this case is not applicable to the facts here, which involves a non-governmental entity who has had two appeals to the Court of Appeals denied and who has not filed a motion for leave to appeal. The Court also declines to issue a discretionary stay in this matter.

<u>*Further Legal Fees Should Be Awarded to Respondent*</u>

As mentioned above, the undertaking is no longer enough to satisfy the judgment plus accrued interest. Respondent is also requesting a further award of attorneys' fees incurred in this matter in the years since the last interim judgment. Petitioner opposes the request for further fees, arguing that the Court should not grant fees when they were incurred as a result of Respondent's "largely unsuccessful demands in litigation." Respondent argues that the fees were incurred as a result of defending against two rounds of appeals to the First Department and Court of Appeals. In one of the orders affirming the award of attorneys' fees in this case, the First Department reasoned that "fees in an RPAPL 881 proceeding are not awarded to the prevailing party, but rather, to respondents who 'are not accused of any wrongful conduct but are haled into court by a petitioner seeking access to their properties solely for its own benefit." *Matter of Panasia Estate*

*Inc. v. 29 W. 19 Condominium*, 224 A.D.3d 414, 414 [1st Dept. 2024]. This reasoning would apply equally to the need to defend an award against two rounds of appeals. Therefore, an award of the subsequent fees would be appropriate here.

Respondent has provided invoices for legal services on this matter from July 25, 2022, to April 09, 2025, amounting to $41,196.70. Petitioner has not disputed the amount of fees or characterized them as unreasonable for three years of representation including appellate work, but only argued that Respondent should not be entitled to ongoing legal fees and that previous affirmances of the fee awards were contrary to the American Rule. The Court did not find this argument availing. Finally, Respondent has discovered since filing papers that the ownership of the property in question has been transferred to another business entity and requested in an oral argument held on June 04, 2025, that any judgment awarded against Petitioner also be awarded against the current owner (who is a business entity owned by Petitioner). Counsel for Petitioner represented that they did not object to this request. Accordingly, it is hereby

ADJUDGED that petitioner's motion 010 is denied; and it is further

ORDERED that not more than 60 days from the date of this order petitioner shall submit to the Court and to respondents a proposed insurance package as to the location in question and shall ensure that such package abides by all applicable laws and is not expired; and it is further

ADJUDGED that respondent MKF Realty Corp.'s order to show cause 011 is granted; and it is further

ORDERED that the surety company Atlantic Specialty Insurance Company retained by petitioner is to release to respondent MKF Realty Corp. the entire amount of a certain surety bond previously filed with this Court on November 16, 2022, in the amount of $86,501.39; and it is further

ORDERED that a further award of attorneys' fees be granted in favor of respondent MKF Realty Corp. and against petitioner Panasia Estate Inc. in the amount of $41,196.70; and it is further

ORDERED that the Clerk of the Court shall enter a money judgment in favor of MKF Realty Corp. and against Panasia Estate Inc., and Panasia Estate I Inc, in the amount of $41,196.70, jointly and severally, upon written affirmation of counsel, if such awarded fees are not paid within thirty days of service of the order with notice of entry; and it is further

ORDERED that respondent MKF Realty Corp. shall have the right to issue a property execution as against the assets of the petitioner Panasia Estate Inc. and Panasia Estate Inc., in such sum and amount, if any, that exceeds the amount of the surety bond posted with this Court on November 16, 2022, and that such property execution be delivered to the Office of the Sheriff of the City of New York for execution thereon.

20250606092233LFRANK4CF1475555A9423FAE8BFAC5B6C646E5

**6/5/2025**
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |