ALLIED CHEMICAL, an Operating Unit of ALLIED CORPORATION, Appellant, v NIAGARA MOHAWK POWER CORPORATION et al., Respondents.

Fourth Department, July 10, 1987

## APPEARANCES OF COUNSEL

*White, Brenner & Feigenbaum (Paul A. Feigenbaum, Algird F. White, Jr.,* and *James W. McTarnaghan* of counsel), for appellant.

*LeBoeuf, Lamb, Leiby & McCrae (Leon Allen* and *John W.*

*Dax* of counsel), for Niagara Mohawk Power Corporation, respondent.

*Robert A. Simpson* and *David E. Blabey (Marilyn Mann Faulkner* and *Glenn D. Haake* of counsel), for Public Service Commission of the State of New York, respondent.

## OPINION OF THE COURT

BALIO, J.

Allied Chemical operated an electric generating facility for use in operating its manufacturing plant in Solvay, New York. The facility was constructed prior to 1978, and is considered an "old capacity" facility for purposes of the Public Utility Regulatory Policies Act of 1978 (PURPA) (16 USC § 2601 *et seq.*) and implementing regulations (18 CFR 292.304). In its proceedings to implement PURPA, the Public Service Commission (PSC) directed all utilities to include a provision in their contracts for the purchase of electricity from cogeneration facilities permitting such facilities to elect to be paid under the contract price, under any general tariff approved by the PSC or at a rate approved by the PSC upon petition. Niagara Mohawk Power Corp. (NIMO) entered into a contract with Allied Chemical in 1981 for the purchase of electricity, and the contract included the provision permitting Allied Chemical to elect to be paid pursuant to a general tariff.

In a separate rate proceeding, the PSC ordered various utilities to file proposed tariffs for the purchase of power from cogeneration facilities at full avoided costs. NIMO filed its proposal, which was approved by the PSC effective February 20, 1984. Allied Chemical then elected to be paid under the rate provided in the approved tariff. NIMO refused and filed with the PSC a petition for a declaratory ruling that its tariff was not applicable to contracts with "old capacity" cogeneration facilities. Allied filed a counterpetition. Without any hearing, the PSC treated the petition as a rate proceeding in the context of its proceedings for the implementation of PURPA. The PSC then issued a ruling and proposed policy statement which determined that the NIMO tariff did not apply to the Allied Chemical contract but that "old capacity" facilities should be entitled to payment according to avoided costs. Further comment was invited. On February 14, 1986, the PSC issued its final policy statement adopting its earlier proposal and providing for a 10-year phase-in of the full avoided costs rate.

Allied Chemical did not institute a CPLR article 78 proceeding to review either the initial ruling or the final policy statement although that remedy is statutorily authorized (State Administrative Procedure Act § 205). Instead, Allied instituted an action against NIMO for breach of contract, seeking the difference between the contract rate and the tariff rate. NIMO moved to dismiss upon the ground, *inter alia,* of res judicata. The court directed that the PSC be added as a party and following service of an amended complaint and answer, the PSC moved for summary judgment of dismissal upon the grounds of res judicata and Statute of Limitations. The court granted both motions, and we affirm.

The determination of an administrative agency is entitled to collateral estoppel effect if it is a quasi-judicial determination rendered pursuant to the agency's adjudicatory authority to decide cases *(Ryan v New York Tel. Co.,* 62 NY2d 494, 499). If the determination is made in the exercise of rule-making power, it is not an adjudication and is not entitled to res judicata or collateral estoppel effect *(Matter of Venes v Community School Bd.,* 43 NY2d 520, 525). There is no dispute that the PSC determination was not made in the context of an adjudicatory proceeding as defined by statute (State Administrative Procedure Act art 3); it was made pursuant to State Administrative Procedure Act § 204, which is contained in article 2 entitled "Rule Making". Nevertheless, we are persuaded that the manner in which the Allied Chemical-NIMO dispute was resolved was adjudicatory in nature and that collateral estoppel should apply.

Section 204 of the State Administrative Procedure Act authorizes an agency to issue a declaratory ruling on the application of any rule or statute enforceable by that agency to a particular state of facts. Pursuant to this section, Allied Chemical and NIMO asked the PSC to determine whether the tariff approved by the PSC applied to their contract. The nature of this proceeding was quite similar to a declaratory judgment action under CPLR 3001, and the procedure employed was akin to a summary judgment motion in such an action. There was no dispute regarding the underlying facts; only the legal implications of those facts were contested. "Where an administrative agency is engaged in deciding specific legal claims or issues through a procedure substantially similar to those employed by courts, the agency is in substance engaged in adjudication. Decisional processes using procedures whose formality approximates those of courts may

properly be accorded the conclusiveness that attaches to judicial judgments" (Restatement [Second] of Judgments § 83, comment b, at 268). Allied Chemical has made no claim that it was denied a full and fair opportunity to litigate the issue of the application of the tariff rate. The PSC determination was quasi-judicial in nature, and we conclude that it should be given collateral estoppel effect.

Although the PSC determination may not be collaterally attacked, a direct attack by an article 78 proceeding could be maintained (Restatement [Second] of Judgments § 83, comment a, at 267). Moreover, this court has the discretionary power to convert a plenary action to a special proceeding *(Gertler v Goodgold,* 107 AD2d 481, 487, *affd* 66 NY2d 946). Exercise of our discretion is not warranted in this case because an article 78 proceeding, to which the PSC must be made a party (State Administrative Procedure Act § 205), would be time barred as to the PSC *(see, Gertler v Goodgold,* 107 AD2d 481, 487, *supra; Tabolt v KMZ Enters.,* 52 AD2d 995, *affd* 43 NY2d 687).

Accordingly, the order should be affirmed.

CALLAHAN, J. P., DENMAN, BOOMER and LAWTON, JJ., concur.

Order unanimously affirmed, without costs.