■ In the Matter of NIRZA MONTALVO, Appellant, v PAUL CROTTY, as Commissioner of the Department of Housing Preservation and Development, Respondent.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered on or about May 6, 1987, which denied and dismissed petitioner's CPLR article 78 petition challenging respondent's determination denying her certain housing benefits, unanimously reversed, on the law, the petition reinstated and the matter remanded to the respondent for a hearing in accordance with the memorandum decision herein, without costs.

Petitioner Nirza Montalvo has resided for most of her life at 1246 Westchester Avenue in The Bronx or its adjoining building, number 1244, part of the same complex. At all relevant times, the City of New York at first owned and now exercises control over the building complex, its Department of Housing Preservation and Development (HPD) administering Federal "Section 8" benefits programs for the tenants in the building.

When petitioner's second child was born, she moved from her previous apartment to apartment D at No. 1244, a two-bedroom apartment. She received section 8 benefits for this apartment. Petitioner claims that this apartment, situated directly above the malfunctioning boiler for the buildings, deteriorated into a serious state of disrepair with unsuitable living conditions, including black smoke from the boiler permeating the apartment, falling ceilings, cracks in the walls, continuous leaks, and fungus. Accordingly, when a larger and more suitable apartment became available, apartment 3D at No. 1246, petitioner sought to move into that apartment. According to petitioner, she asked her HPD caseworker, a Ms. Douglas, for permission to move in November 1985. Ms. Douglas checked with her supervisor and then informed petitioner that she could move into the apartment and keep her section 8 benefits.

On either January 6, 1986 (according to respondent) or February 25, 1986 (according to petitioner), the department head at HPD, one Zev Spiro, sent petitioner a notice determining that she was ineligible for section 8 benefits at apartment 3D for the sole stated reason that "You did not reside in your current apartment prior to rehabilitation and rent restructuring." Petitioner obtained counsel from the Legal Aid Society and her attorney wrote Mr. Spiro a letter, dated April 4, 1986, seeking to appeal this determination and requesting a hearing. On April 10, 1986, Spiro wrote to petitioner's attorney, stating that his letter "is in response to your letter of April 4," listing six various reasons for the denial of Ms. Montalvo's benefits, including the claim that she did not discuss her move with the HPD caseworker until after she moved in, and expressly inviting further questions about this case. On May 8, 1986, petitioner's attorney wrote to Spiro in response to the April 10 letter. Counsel claimed that since Spiro's version of the events differed from Ms. Montalvo's, a factual hearing should be held. No response was forthcoming, so on July 15, 1986, Montalvo commenced the instant article 78 proceeding requesting alternatively that she be granted section 8 benefits at the apartment in which she now resides, or that at least she be granted an administrative hearing so that she might contest respondent's determination of ineligibility.

The IAS court dismissed the petition as untimely. The court found that, "giving the petitioner the benefit of every doubt", the agency's determination was final and binding on February 25, 1986, and the four-month Statute of Limitations (CPLR 217) ran from that date. The court explicitly ruled that the period of limitations should not be dated from the April 10 letter denying her administrative appeal.

We disagree. An article 78 proceeding must be brought within four months after the determination to be reviewed becomes *final* and binding upon the petitioner (CPLR 217). Under the circumstances present here, the February 25 notice was not the *final* determination. The letter specifically advised of a right to an internal appeal and stated that "if you decide to appeal, we will fairly consider all information you or your representative wish to present to us * * * You or your representative * * * will be informed in writing of the *final* determination". (Emphasis added.) Accordingly, by the respondent's own admission, its determination was not final until Spiro's April 10 letter denying the appeal. Arguably, this determination itself was not "final" since in the letter Spiro invited further comment. Where an ambiguity as to when a final

determination has been made was created by the official body, any questions as to when the statutory period begins to run will be resolved in favor of the petitioner. *(See, Mundy v Nassau County Civ. Serv. Commn.,* 44 NY2d 352; *Matter of Castaways Motel v Schuyler,* 24 NY2d 120.)

Here, the respondent invited petitioner to appeal and then acted upon the appeal on the merits. Petitioner should be entitled to rely on the agency's instructions without being penalized for her forbearance in awaiting the outcome of the invited appeal before commencing an article 78 proceeding. In this regard, the cases relied on by the respondent and the court below are clearly distinguishable *(e.g., Matter of De Milio v Borghard,* 55 NY2d 216; *Matter of Johnson v Christian,* 114 AD2d 321). In those cases and others, requests for administrative reconsideration which were instigated by the petitioner were held not to toll or extend the four-month period of limitation from the date of the original determination. There, the concern was that a petitioner can thereby revive a stale claim by merely requesting administrative reconsideration. Here, the petitioner followed the agency's instructions and has acted responsibly and expeditiously and deserves to have her petition heard on the merits.

As to the merits of her claim, it is clear that the petition raises a sharp question of fact regarding a crucial threshold issue of the case—whether HPD approved her move with the caseworker's authorization. Accordingly, a hearing is required since a serious factual issue exists and the totality of the circumstances indicates that the petitioner may not have been treated fairly. *(Cf., Johnson v City of New York,* 63 AD2d 886, 887.)

Accordingly, we reverse and grant the petition to the extent of remanding the matter to HPD for a hearing. Concur—Asch, J. P., Rosenberger, Ellerin and Smith, JJ.