In the Matter of DAILY STAR, a Division of OTTAWAY NEWS-PAPERS, INC., Appellant, v BOARD OF TRUSTEES OF THE VIL-LAGE OF COOPERSTOWN, Respondent.

Third Department, January 24, 1991

APPEARANCES OF COUNSEL

*Peter W. Hill* for appellant.

*Green & Gibbons (William J. Gibbons* of counsel), for respondent.

**OPINION OF THE COURT**

CASEY, J.

Petitioner seeks to challenge respondent's actions concerning the placement of newspaper vending machines on public property in the Village of Cooperstown, Otsego County. The procedural posture of this case is somewhat confused because of petitioner's election to seek, at the administrative level, an "informal" decision concerning the issuance of permits for its newspaper vending machines. As noted by Supreme Court, petitioner's request seemed to seek an advisory opinion, rather than a final determination on a particular permit application. It is apparent that petitioner sought and obtained a determination which is akin to the declaratory rulings issued by agencies governed by the State Administrative Procedure Act *(see,* State Administrative Procedure Act § 102 [1]; § 204). As a result, there is no final determination denying an application to place a particular newspaper vending machine in a specific location. Instead, respondent issued a determination which construed the provisions of section 5.1 of the village's bylaws, as applied to petitioner, to conclude that newspaper vending machines could not be placed anywhere on public property. In light of this determination, a formal application for a permit would have been a futile gesture and, therefore, petitioner was sufficiently aggrieved by the determination to seek CPLR article 78 review. Respondent appears to

concede that the determination is reviewable for arbitrariness, abuse of discretion and error of law.

There can be little doubt that, because of the protection accorded speech and the press by the 1st Amendment, a facial challenge to the law relied upon by respondent as the basis for its stated policy of banning all vending machines on public property would have been proper *(see, Lakewood v Plain Dealer Publ. Co.,* 486 US 750, 755). However, instead of seeking a declaratory judgment as to the facial validity of the law, petitioner opted to pursue a different remedy, in the form of this article 78 proceeding to challenge respondent's administrative actions in applying the law to petitioner. Because appropriate relief may be granted in the context of the "as applied" challenge selected by petitioner, we will refrain from granting any declaratory relief.

■ Assuming there is nothing irrational in respondent's interpretation of the bylaw at issue as applying to newspaper vending machines, we conclude that respondent's interpretation of the bylaw as containing a blanket prohibition on the placement of newspaper vending machines on public property is affected by an error of law. The language of the bylaw clearly requires respondent to exercise its discretionary power to grant or deny a permit on the facts and circumstances of the particular application. In short, the bylaw does not authorize the type of blanket prohibition imposed by respondent. Instead, respondent is required to review the relevant facts and circumstances for each application before making a case-by-case determination as to whether a permit should be granted. Thus, the petition should be granted to the extent of annulling respondent's determination which interpreted the provisions of section 5.1 of the village's bylaws as imposing a blanket prohibition on the location of newspaper vending machines on public property. Because respondent has not yet exercised its discretionary power to grant or deny a permit, there is no basis for any further review pursuant to petitioner's "as applied" challenge, and as petitioner elected not to pursue a facial challenge to the bylaw, there is no need to reach the question of whether the bylaw grants an objectionable unfettered discretionary power *(see, Lakewood v Plain Dealer Publ. Co., supra).* Accordingly, there is no basis for an action under 42 USC § 1983 and petitioner is not entitled to counsel fees.

MAHONEY, P. J., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment reversed, on the law, without costs, and petition granted to the extent of annulling respondent's determination interpreting the provisions of section 5.1 of the bylaws of the Village of Cooperstown as imposing a blanket prohibition on the location of newspaper vending machines on public property.