■ In the Matter of SALLY GROSS, as Successor in Interest to GARSAL REALTY, INC., Appellant, v STATE OF NEW YORK PUBLIC SERVICE COMMISSION et al., Respondents. [600 NYS2d 795] —Weiss, P. J. Appeal from a judgment of the Supreme Court (Conway, J.), entered April 10, 1992 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition as barred by the Statute of Limitations.

Petitioner is the successor to Garsal Realty, Inc., which held title to a 60-unit apartment and townhouse complex in Onondaga County for which gas and electric service was provided by respondent Niagara Mohawk Power Corporation. Following petitioner's complaints of alleged improper billing practices by Niagara Mohawk, respondent Public Service Commission (hereinafter the PSC) held an informal hearing and, in a determination dated February 25, 1988, the Hearing Officer found no basis for adjustment of Garsal's account.* On March 8, 1988 petitioner made a written request to the PSC for review of the determination and, on November 13, 1990, the PSC issued its decision which held that a formal hearing was unnecessary. The PSC letter included the following: "If you wish to challenge the [PSC's] decision, effective the date of this letter, Section 22 of the Public Service Law and Section 2.8 of Title 16 of the New York Compilation of Codes, Rules and Regulations govern the actions you may take, or you may seek judicial review."

On February 25, 1991, about 3½ months after the PSC decision, petitioner wrote to the PSC seeking reconsideration of its determination, which request was denied on August 12, 1991. This CPLR article 78 proceeding was commenced by petition dated December 11, 1991 seeking an order directing

---

* On April 25, 1986 petitioner and Niagara Mohawk had executed a "Residential Customer Payment Agreement" providing for deferred payment on an installment basis of some $22,714.27 due for gas and electric service to six of the buildings.

the PSC to reconsider its decision and to hold a formal evidentiary hearing on petitioner's complaints against Niagara Mohawk. Supreme Court granted the motion by Niagara Mohawk to dismiss the petition as barred by the four-month Statute of Limitations (CPLR 217). Petitioner has appealed.

We begin our analysis with the well-established rule that the four-month time limitation (CPLR 217) within which a proceeding seeking judicial review of an administrative determination pursuant to CPLR article 78 must be initiated commences to run when the determination becomes final and binding and has an impact upon the petitioner, who is thereby aggrieved *(Chase v Board of Educ.,* 188 AD2d 192; *see, Matter of Edmead v McGuire,* 67 NY2d 714, 716). Petitioner argues that commencement of the time limitation period was somehow tolled because of her February 25, 1991 letter making "application for reconsideration" of the November 13, 1990 determination by the PSC. We note that this application itself was untimely because the statute provides that an application "for a rehearing in respect to any matter determined * * * must be made within thirty days after the service of such order, unless the [PSC] for good cause shown shall otherwise direct" (Public Service Law § 22). Although facially the application, made approximately 3½ months after November 13, 1990, was itself untimely, petitioner further contends that the lack of notice from the PSC advising her to commence a CPLR article 78 proceeding within four months should somehow estop any challenge to its timeliness, relying on *Matter of Montalvo v Crotty* (137 AD2d 437).

These contentions are unpersuasive and should be rejected. As to the latter, petitioner has not demonstrated any misrepresentation, fraud or deception, which are requisite for estoppel *(see, Simcuski v Saeli,* 44 NY2d 442). Turning to the former argument, we find that petitioner's right to reconsideration was not absolute because of the untimeliness of her request. The grant of her request would therefore be wholly within the discretion of the PSC, and as such *(see, Matter of Columbia Gas v Public Serv. Commn.,* 118 AD2d 305) did not toll the four-month time limitation within which to bring a CPLR article 78 proceeding *(see, Matter of De Milio v Borghard,* 55 NY2d 216, 220; *Chase v Board of Educ., supra; see also, Matter of Lubin v Board of Educ.,* 60 NY2d 974, 976, *cert denied* 469 US 823; *Matter of Rapuzzi v City of N. Y., Civ. Serv. Commn.,* 161 AD2d 715, 716, *lv denied* 76 NY2d 707).

Petitioner relies upon *Matter of New York Cent. R. R. Co. v Public Serv. Commn.* (238 NY 132) to support her contention

that these proceedings were timely because her application to the PSC for reconsideration was made within four months of the date of the decision, albeit not within the 30 days provided by statute. As we have already stated, because the application was late it no longer enjoyed the status "as of right" but instead was relegated to a discretionary mode and lacked the concomitant effect of tolling the Statute of Limitations for a judicial proceeding *(see, Matter of Edmead v McGuire, supra; Matter of De Milio v Borghard, supra)*.

We find petitioner's remaining arguments to be without merit. She has failed to demonstrate that the denial of her request for a rehearing was an abuse of discretion *(see, Matter of Columbia Gas v Public Serv. Commn., supra)* or that the arguments she sought to present were different from those she had originally asserted.

Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.