■ In the Matter of PILLMEIER PRODUCE FARMS et al., Appellants, v COMMISSIONER OF AGRICULTURE AND MARKETS, Respondent. [831 NYS2d 300]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered August 25, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding that petitioners do not qualify for support payments pursuant to the Orange County Onion Producers Support Program.

The Federal Farm Security and Rural Investment Act of 2002 (enacted in May 2002) provided that the United States Secretary of Agriculture "shall use $10,000,000 of the funds of the Commodity Credit Corporation to make a grant to the State of New York to be used to support onion producers in Orange County, New York, that have suffered losses to onion crops during 1 or more of the 1996 through 2000 crop years" (Pub L 107-171, § 10106). Respondent determined that the funds should be distributed to farmers still involved in growing onions—an interpretation urged by the United States Representative whose district included Orange County—and, thus, respondent planned to provide the funds to farmers who continued growing onions during 2001 and 2002. Petitioners, onion farmers who did not meet the continued growing requirement, commenced a federal action claiming that they were being improperly deprived of a share of the federal funds. That action was dismissed on the ground that the statute did not give rise to a privately enforceable federal right. This proceeding ensued and Supreme

Court dismissed the petition, holding that there was a rational basis for respondent's determination that Public Law 107-171, § 10106 applied only to ongoing onion farms. Petitioners appeal.

The appeal is moot. Following Supreme Court's decision, petitioners did not seek a stay pending appeal and respondent has since distributed all the remaining federal funds provided under Public Law 107-171, § 10106. The relief sought in the petition is "now either impossible to grant or wholly untenable" (*Matter of E.W. Tompkins Co., Inc. v Board of Trustees of Clifton Park-Halfmoon Pub. Lib.*, 27 AD3d 1046, 1047-1048 [2006], *lv denied* 7 NY3d 704 [2006]; *see Matter of Save the Pine Bush v Cuomo*, 200 AD2d 859, 860 [1994], *lv denied* 83 NY2d 884 [1994]), and no exception to the mootness doctrine has been established (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]). Even if we were to grant the petition, the federal funds earmarked under the statute are no longer available and there is no indication that the group named in the statute will receive a like allotment of similarly conditioned federal funds in the near future. The other issues advanced on appeal are academic.

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.