In the Matter of NILE W., Respondent. KATHLEEN IVERSON, Executive Director, Creedmoor Psychiatric Center, Appellant. [882 NYS2d 690]—

In a proceeding pursuant to Mental Hygiene Law § 9.13 for the continued retention of the respondent for involuntary care and treatment at Creedmoor Psychiatric Center, the petitioner appeals from an order of the Supreme Court, Queens County (Dorsa, J.), entered May 8, 2008, which denied her motion to vacate so much of a prior order of the same court dated September 25, 2007, as, upon directing the release of the respondent forthwith, in effect, denied her application to invoke the automatic stay provisions of CPLR 5519 (a) (1) to prevent the release of the respondent.

Ordered that the order is affirmed, without costs or disbursements.

In July 2006 Creedmoor Psychiatric Center (hereinafter Creedmoor) admitted the respondent Nile W. (hereinafter the patient) for involuntary care and treatment of depression and drug addiction. In September 2007 the patient, who at the time was a voluntary patient, requested her release. In response, the petitioner Kathleen Iverson, Executive Director of Creedmoor, commenced a proceeding pursuant to Mental Hygiene Law § 9.13 for the continued retention of the patient for involuntary care and treatment.

The Supreme Court conducted a hearing regarding the application for continued retention. During the hearing, counsel for the patient made an oral application to the court for summary judgment dismissing the petitioner's application. While on the record, the Supreme Court granted the motion and ordered the release of the patient. That same day, the Supreme Court issued an order dated September 25, 2007 directing the immediate release of the patient. The court crossed out a provision in the pre-typed order providing for a temporary stay of the patient's release. Thereafter, apparently while still in the courtroom, the petitioner served the patient with a notice of appeal from the order dated September 25, 2007. The patient then left the courtroom and has not returned to Creedmoor.

Subsequently, the petitioner moved to vacate so much of the order dated September 25, 2007, as, in effect, denied her application to invoke the automatic stay provisions of CPLR 5519 (a) (1) to prevent the patient's release. The Supreme Court denied the motion, finding that an automatic stay pursuant to

CPLR 5519 (a) (1) was not available under the circumstances, and that, in any event, the issue was moot since the patient had been released from Creedmoor.

The petitioner appeals from the Supreme Court's denial of the motion to vacate. The patient did not file a brief in response to the appeal. This Court granted Mental Hygiene Legal Service (hereinafter MHLS) permission to file an amicus curiae brief.

Initially, we note that although the patient has been released from Creedmoor, the issue falls within an exception to the mootness doctrine since it is likely to recur, typically evades judicial review, and is substantial and novel (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]; *see also City of New York v College Point Sports Assn., Inc.*, 61 AD3d 33 [2009]).

The scope of the automatic stay of CPLR 5519 (a) (1) is limited "to the executory directions of the judgment or order appealed from which command a person to do an act" (*Matter of Pokoik v Department of Health Servs. of County of Suffolk*, 220 AD2d 13, 15 [1996]). Here, the decretal provision of the September 25, 2007 order directed that the respondent "is released forthwith." The decretal provision did not direct the performance of an act in the future, but rather was self-executing and was effective immediately upon the promulgation of the order (*id.* at 14). Accordingly, no automatic stay was available pursuant to CPLR 5519 (a) (1) (*see Matter of Pokoik v Department of Health Servs. of County of Suffolk*, 220 AD2d at 14-16; *see also Matter of Pickerell v Town of Huntington*, 219 AD2d 24 [1996]; *Schwartz v New York City Hous. Auth.*, 219 AD2d 47 [1996]; *State of New York v Town of Haverstraw*, 219 AD2d 64 [1996]). Thus, the Supreme Court properly denied the petitioner's motion to vacate. Spolzino, J.P., Santucci, Florio and Balkin, JJ., concur.