[941 NYS2d 356]

In the Matter of SARATOGA CITIZEN, INC., et al., Respondents, v JOHN P. FRANCK, as City Clerk of the City of Saratoga Springs, Appellant.

Third Department, April 5, 2012

*FitzGerald, Morris, Baker & Firth*, Glens Falls (*John D. Aspland Jr.* of counsel), for appellant.

*Whiteman, Osterman & Hanna, L.L.P.*, Albany (*John J. Henry* of counsel), for respondents.

*J. Wade Beltramo*, Albany, for New York State Conference of Mayors and Municipal Officials, amicus curiae.

## OPINION OF THE COURT

SPAIN, J.

Petitioners Saratoga Citizen, Inc. and its president, Patrick Kane, filed a petition pursuant to Municipal Home Rule Law § 37 with respondent, the City Clerk of the City of Saratoga Springs, Saratoga County, proposing a local law to amend the city charter. The proposed amendment would reorganize the

city government from its current strong mayoral structure to a city manager form. Respondent issued a certificate to the City Council on August 19, 2010 stating that the petition does not comply with the law in several respects including, as relevant here, that it fails to provide the fiscal note which he determined is required by Municipal Home Rule Law § 37 (11). Petitioners thereafter commenced this proceeding pursuant to CPLR article 78 and Election Law article 16 seeking, among other relief, a declaration that the petition conforms with Municipal Home Rule Law §§ 24 and 37 and an order compelling respondent to certify to the City Council that the petition so conforms. Finding invalid all of the reasons cited by respondent for finding that the petition is noncompliant, Supreme Court granted the petition, annulled the certificate of noncompliance and directed him to certify to the City Council that the petition complies with the requirements of the law. Respondent now appeals, and we affirm.

■ Initially, we do not find, as petitioners argue, that the appeal was rendered moot by respondent's postjudgment compliance with Supreme Court's directive that he issue a certificate of compliance. It is true that, following the court's decision, he issued such a certificate dated January 14, 2011, rather than maintaining the status quo by invoking the automatic stay available pending appeal (upon compliance with statutory requirements) to governmental entities and officials that are directed by court order to perform an act (*see* CPLR 5519 [a] [1]; *Matter of Pokoik v Department of Health Servs. of County of Suffolk*, 220 AD2d 13, 14-15 [1996]; *see also Summerville v City of New York*, 97 NY2d 427, 432-434 [2002]; *Matter of Nile W.*, 64 AD3d 717, 719 [2009]). However, notwithstanding the issuance of that court-ordered certificate, "the rights of the parties will be directly affected by the determination of th[is] appeal and the interest of the parties is an immediate consequence of the judgment" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *cf. City of New York v Maul*, 14 NY3d 499, 507 [2010]; *Wisholek v Douglas*, 97 NY2d 740, 741-742 [2002]; *Matter of Pillmeier Produce Farms v Commissioner of Agric. & Mkts.*, 38 AD3d 1092, 1093 [2007]). If we were persuaded that respondent's initial certificate of noncompliance was properly issued, we would reverse Supreme Court's judgment and deny the relief requested in this proceeding; in that case, respondent would possess all of the authority needed to withdraw the court-ordered certificate of compliance and to reissue the certificate of noncompliance, pursuant to Municipal Home Rule Law § 37 (5)

(*see e.g. Matter of Bray v Marsolais*, 21 AD3d 1143, 1146 [2005]). Thus, this appeal is not moot.

■ Addressing the merits, however, we find that Supreme Court properly annulled respondent's determination that the petition failed to comply with the fiscal note requirement of Municipal Home Rule Law § 37 (11). As limited by the briefs, the sole issue[1] is whether the petition satisfied that fiscal note provision. We hold that it did.

The procedure by which qualified citizens may petition for the adoption of a local law amending a city charter, including a reorganization of city government, is set forth in Municipal Home Rule Law § 37 (*see Matter of Schrader v Cuevas*, 179 Misc 2d 11, 13-15 [Sup Ct, New York County 1998], *affd for reasons stated below* 254 AD2d 128 [1998], *lv denied* 92 NY2d 814 [1998]). The city clerk is required to make the initial determination of whether the petition complies with all of the legal requirements and to certify to the legislative body, here the City Council, whether the petition does or does not comply; if the clerk issues a certificate of noncompliance, the certificate must specify the deficiency, which determination may be judicially contested (*see* Municipal Home Rule Law § 37 [5]; *see also* § 24 [1] [a]). In either event, the clerk is required to transmit the proposed local law to the city council for it to consider (*see* Municipal Home Rule Law § 37 [6]).

Municipal Home Rule Law § 37 (11)[2] provides generally that such a petition shall not be certified as sufficient or become ef-

---

**1.** Given that respondent and amicus curiae only raise this point on appeal as a ground for upholding the certificate of noncompliance, we deem abandoned the remaining bases cited in that certificate (and addressed by Supreme Court) for the noncompliance determination (*see Matter of Arcuri v Hojnacki*, 32 AD3d 658, 659-660 [2006], *lv denied* 7 NY3d 707 [2006]).

**2.** The complete text of Municipal Home Rule Law § 37 (11) is as follows: "No such petition for a proposed local law requiring the expenditure of money shall be certified as sufficient by the city clerk or become effective for the purposes of this section unless there shall be submitted, as a part of such proposed local law, a plan to provide moneys and revenues sufficient to meet such proposed expenditures. This restriction shall not prevent the submission of a local law to adopt a new charter or to reorganize the functions of city government, or a part thereof, relying partly or solely on normal budgetary procedures to provide the necessary moneys to meet the expenses of city government under such reorganization, whether or not such reorganization includes the creation of new offices, provided only that such reorganization shall not require specific salaries or the expenditure of specific sums of money not theretofore required."

fective "unless there shall be submitted, as a part of such proposed local law, a plan to provide moneys and revenues sufficient to meet such proposed expenditures" (hereinafter referred to as the fiscal note requirement) (*see Matter of Adams v Cuevas*, 68 NY2d 188, 191 [1986]). That general fiscal note requirement is, however, qualified by the second sentence, which provides, as relevant here, that it does not apply to proposed local laws "to reorganize the functions of city government, or a part thereof" where such proposals rely "partly or solely on normal budgetary procedures to provide" the funding for the city's expenses under such reorganization (Municipal Home Rule Law § 37 [11]). That qualification further specifies that "such reorganization shall not require specific salaries or the expenditure of specific sums of money *not theretofore required*" (Municipal Home Rule Law § 37 [11] [emphasis added]).

In a case interpreting the general fiscal note provision embodied in Municipal Home Rule Law § 37 (11) (first sentence), the Court of Appeals stated that this requirement was enacted to address concerns that "charter amendments involving substantial expenditures were being proposed or enacted without sufficient consideration of the cost and the means for financing them" (*Matter of Adams v Cuevas*, 68 NY2d at 192). The Court explained that the fiscal note requirement was added in 1951 "so that the electorate would be aware of the fiscal consequences of the proposal and could exercise their franchise intelligently" (*id.*). In that context, the Court concluded that the fiscal note requirement was "not satisfied by financing plans that do no more than direct that the increased costs shall be met by general budgetary procedures" (*id.*). Notably, that case did *not* involve a proposal, as here, to reorganize city government so as to implicate the qualification contained in the second sentence of subdivision (11).

The city charter amendment submitted by petitioners herein proposes to reorganize the functions of city government, thereby implicating the second sentence of Municipal Home Rule Law § 37 (11), which allows for the submission of such proposed reorganization amendments relying on normal budgetary procedures, without a fiscal note. The only statutory limitation on this qualification is that the proposed reorganization, which may include "the creation of new offices," "shall not require specific salaries or the expenditure of specific sums of money *not theretofore required*" (Municipal Home Rule Law § 37 [11] [emphasis added]). The amendment provides that the mayor's

position be continued, but at the reduced annual salary of $10,000 (the current salary is $14,500), and that the current four commissioners, with a present annual salary of $14,500 each, be replaced by four city councilors at an annual salary of $7,500 each. The position of city manager is created, with the salary to be determined. Given the lower proposed specified salaries, which reduce—by $88,500—the current payroll presently funded by the general city budget, it cannot be said that the proposed "specific salaries" are "not theretofore required." That is, the proposed charter amendment contains specific salaries or expenditures which are already required by the current charter. Thus, under the qualifier to the fiscal note requirement, the proposed reorganization may rely on "normal budgetary procedures" to fund the city's expenses under the reorganization (Municipal Home Rule Law § 37 [11] [first clause of second sentence]). We reject respondent's interpretation of Municipal Home Rule Law § 37 (11) as requiring a fiscal note for *every* proposed charter reorganization amendment that mentions a specific salary or expenditure, because such an interpretation ignores the important limiting phrase "not theretofore required."

The creation of a new position of city manager in the proposed amendments to titles 2 and 3 of the Charter of the City of Saratoga Springs likewise did not require a fiscal note, as no "specific salar[y]" is required or established. Instead, the City Council is given the duty, under the reorganization amendment, to fix the manager's compensation, relying on "normal budgetary procedures," thereby obviating the need for a fiscal note (Municipal Home Rule Law § 37 [11]). Thus, under the plain language of subdivision (11), read literally, the Legislature's intent was to not require a fiscal note for a proposed amendment such as this (*see Matter of Malta Town Ctr. I, Ltd. v Town of Malta Bd. of Assessment Review*, 3 NY3d 563, 569 [2004]; *Matter of Orens v Novello*, 99 NY2d 180 [2002]).

To the extent that Municipal Home Rule Law § 37 (11) may be less than clear, its legislative history bolsters this statutory interpretation and conclusion (*see Matter of Malta Town Ctr. I, Ltd. v Town of Malta Bd. of Assessment Review*, 3 NY3d at 570; *Riley v County of Broome*, 95 NY2d 455, 463 [2000]). In 1957, when former City Home Rule Law § 19-a (10)—now Municipal Home Rule Law § 37 (11)—was amended, adding the second sentence to the fiscal note subdivision, the Legislature included an explanatory note making clear that it was intended to

abrogate the effect of *Matter of Noonan v O'Leary* (284 App Div 646 [4th Dept 1954]). In *Noonan*, which involved a proposed amendment to a city charter changing the form of government, the Court had ruled that it was invalid because it failed to contain the "mandatory" fiscal note notwithstanding that the reorganization proposal, on its face, would not necessarily be more expensive (*id.* at 648). In adding the qualification to the fiscal note requirement (i.e., the second sentence now found in Municipal Home Rule Law § 37 [11])—for proposed new charters or amendments to reorganize the function of city government—the Legislature made clear that it was "intended to confine the provision[, i.e., subdivision (11),] to its original intent and to make it clear that it[, i.e., the fiscal note requirement,] is not to stand in the way of a general charter revision or to require new sources of revenue when the normal budgetary procedure is adequate" (L 1957, ch 1027, § 1 [City Home Rule Law § 19-a (10), Note 11]). Pursuant to this clear legislative intent, the proposed amendment here, changing the form of government under the city charter but not, on its face, clearly increasing salaries or expenditures, did not require a fiscal note under Municipal Home Rule Law § 37 (11). Thus, respondent erred in issuing a certificate of noncompliance on this ground under Municipal Home Rule Law § 37 (5).

MERCURE, A.P.J., LAHTINEN, STEIN and McCARTHY, JJ., concur.

Ordered that the judgment is affirmed, without costs.