Matter of Clean Air Coalition of W. N.Y., Inc. v New York State Pub. Serv. Commission (2024 NY Slip Op 01233)

Matter of Clean Air Coalition of W. N.Y., Inc. v New York State Pub. Serv. Commission

2024 NY Slip Op 01233

Decided on March 7, 2024

Appellate Division, Third Department

McShan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 7, 2024

CV-23-0689

[*1]In the Matter of Clean Air Coalition of Western New York, Inc., et al., Appellants,
v
New York State Public Service Commission et al., Respondents.

Calendar Date:January 16, 2024

Before: Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ.

Earthjustice, New York City (Hillary Aidun of counsel), for appellants.
Robert Rosenthal, Public Service Commission, Albany (John J. Sipos of counsel), for New York State Public Service Commission, respondent.
Phillips Lytle LLP, Buffalo (Joshua Glasglow of counsel), for Fortistar North Tonawanda, LLC and another, respondents.
Read and Laniado, LLP, Albany (David B. Johnson of counsel), for North Tonawanda Holdings, LLC, respondent.

McShan, J.
Appeal from a judgment of the Supreme Court (Richard M. Platkin, J.), entered March 20, 2023 in Albany County, which, among other things, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted a motion by respondent Public Service Commission to dismiss the petition/complaint against it.
In early 2021, respondent Digihost International, Inc. proposed a transaction to acquire the entire interest in respondent Fortistar North Tonawanda, LLC from respondent North Tonawanda Holdings, LLC (hereinafter collectively referred to as the crypto respondents), including ownership in a natural gas-fired cogeneration facility located in the City of North Tonawanda, Niagara County. Digihost anticipated utilizing the power generated from this facility to operate a cryptocurrency mining operation at a facility it intended on constructing adjacent to the cogeneration facility. In April 2021, Fortistar and Digihost petitioned respondent Public Service Commission (hereinafter the PSC), seeking a declaratory ruling that the proposed transaction did not require further review under Public Service Law §§ 70 and 83 or, alternatively, that the PSC approve the transaction by finding it in the public interest under those statutes. In response, petitioner Sierra Club along with Earthjustice filed a joint comment and petitioner Clean Air Coalition of Western New York, Inc. (hereinafter CACWNY) filed a comment, which both criticized the environmental impacts of allowing Digihost to use the facility for the mining of cryptocurrency and, in relevant part, asserted that the transaction undermined the emission reduction objectives of the New York State Climate Leadership and Community Protection Act (L 2019, ch 106 [hereinafter CLCPA]). In September 2022, the PSC granted Digihost and Fortistar's petition, finding, in sum and substance, that the proposed transaction did not require further PSC review (hereinafter the declaratory ruling). Relevant here, the PSC also determined that the environmental concerns raised by petitioners and others were outside of the limited scope of the proceeding.
In October 2022, petitioners requested a rehearing pursuant to Public Service Law § 22 and 16 NYCRR 3.7. While the rehearing request was pending, petitioners commenced the instant combined action and proceeding challenging the declaratory ruling on the basis that the PSC unlawfully ignored the requirement of sections 7 (2) and (3) of the CLCPA to consider the impact on the environment and disadvantaged communities when it reviewed the proposed transaction. Petitioners further sought a preliminary injunction from Supreme Court enjoining the transaction pending further disposition. The PSC, as well as the crypto respondents, separately moved pre-answer to dismiss the petition/complaint pursuant to CPLR 3211 (a) (2). In its motion, the PSC asserted that the declaratory ruling was not ripe for review and that petitioners lacked standing as they did not identify [*2]an injury-in-fact. In the crypto respondents' collective motion to dismiss, they asserted that petitioners' claim is moot due to the closing of the transaction and that petitioners lack standing to challenge the declaratory ruling. Petitioners opposed, and Supreme Court ultimately granted the PSC's motion to dismiss, finding that the declaratory ruling was not ripe for review because of the pending application for a rehearing.[FN1] Petitioners appeal.
We turn first to the parties' arguments pertaining to whether this matter was ripe at the time that Supreme Court considered the petition, and whether it has since been rendered moot by a determination on petitioners' request for a rehearing. To this end, during the pendency of this appeal, the PSC issued a June 2023 written decision denying petitioners' application for a rehearing.[FN2] However, despite having previously requested that the PSC rehear the petition for a declaratory ruling, petitioners now contend that such rehearing was foreclosed by the plain language of State Administrative Procedure Act § 204. We agree.
"A declaratory ruling shall be binding upon the agency unless it is altered or set aside by a court" by virtue of a CPLR article 78 proceeding (State Administrative Procedure Act § 204 [1]). Particularly relevant here, State Administrative Procedure Act § 204 (1) does not permit an agency to "retroactively change a valid declaratory ruling," only allowing such changes to apply "prospectively." Thus, the explicit language of State Administrative Procedure Act § 204 did not allow the PSC to modify its initial ruling with respect to its immediate applicability to petitioners and the crypto respondents regardless of its determination on "reconsideration." To this point, we note that petitioners initially requested that the PSC reconsider its declaratory ruling pursuant to Public Service Law § 22, which provides that following the issuance of an "order" by the PSC, "any corporation or person interested therein shall have the right to apply for a rehearing in respect to any matter determined therein." However, as petitioners have accurately noted on appeal, the right to request a rehearing of an order provided for in Public Service Law § 22 does not apply to declaratory rulings, a position that the PSC has also taken on numerous occasions in other proceedings (see e.g. Petition of National Grid Generation LLC for a Declaratory Ruling, NY PSC Case No. 17-M-0422, 2018 WL 509986 [Jan. 18, 2018]; Joint Petition of First Wind Holdings, LLC, et al., for a Declaratory Ruling, NY PSC Case No. 14-E-0509, 2015 WL 2447254 [May 18, 2015]). Although the PSC contends that the contrary position taken in this proceeding merely reflects a change in its own policy on which this Court may not intrude, that contention is belied by the plain language of the PSC's own regulations, which specifically provide that "[a] declaratory ruling shall be identified as such, shall be binding on [the PSC], and shall not be retroactively [*3]changed" (16 NYCRR 8.3), a limitation that is consistent with the general language in State Administrative Procedure Act § 204. In sum, the September 2022 declaratory ruling issued by the PSC is quasi-judicial in nature and, at the moment it was issued, was "accorded the [same] conclusiveness that attaches to judicial judgments," thus rendering it ripe for review (Allied Chem. v Niagara Mohawk Power Corp., 129 AD2d 233, 236 [4th Dept 1987] [internal quotation marks and citation omitted], affd 72 NY2d 271 [1988], cert denied 488 US 1005 [1989]; see 16 NYCRR 8.1; see also Matter of Daily Star v Board of Trustees of Vil. of Cooperstown, 164 AD2d 531, 532 [3d Dept 1991]). The PSC could have theoretically rendered the matter moot by granting the relief sought by petitioners in their comment to the original request for a declaratory ruling; however, PSC's discretionary determination to reconsider the September 2022 ruling, and ultimately adhere to its original determination, did not have that effect (see Matter of MCI Telecom. Corp. v Public Serv. Commn. of State of N.Y., 231 AD2d 284, 290 [3d Dept 1997]; Matter of Gross v State of N.Y. Pub. Serv. Commn., 195 AD2d 866, 867 [3d Dept 1993], lv denied 82 NY2d 660 [1993]; Matter of Bonar v Shaffer, 140 AD2d 153, 155 [1st Dept 1988], lv denied 73 NY2d 702 [1988]; compare Chase v Board of Educ. of Roxbury Cent. School Dist., 188 AD2d 192, 197 [3d Dept 1993]).[FN3]
As to the crypto respondents' assertion that the appeal is moot because the challenged transaction has been completed, we disagree with that contention based upon the specific facts of this case. "The jurisdiction of a court extends only to live controversies, and where changed circumstances prevent the court from rendering a decision which would effectually determine an actual controversy between the parties involved, the court will dismiss the appeal" (Matter of Kopald v New York Pub. Serv. Commn., 204 AD3d 1108, 1109 [3d Dept 2022], lv denied 39 NY3d 957 [2022] [internal quotation marks, brackets and citations omitted]). The crypto respondents contend that the completion of the transaction and the degree of construction and improvement to the facilities that Digihost and Fortistar have undertaken since the declaratory ruling was issued cannot be unwound without great cost. The substantial completion of a project may indeed render a case moot "when the progress of the work constitutes a change in circumstances that would prevent the court from rendering a decision that would effectively determine an actual controversy" (Matter of Sierra Club v New York State Dept. of Envtl. Conservation, 169 AD3d 1485, 1486 [4th Dept 2019] [internal quotation marks and citation omitted]; see Matter of ENP Assoc., LP v City of Ithaca Bd. of Zoning Appeals, 217 AD3d 1285, 1287 [3d Dept 2023], lv denied 40 NY3d 910 [2024]). Respondents correctly note that the failure to seek injunctive relief and maintain the status quo at each stage of litigation would, as a general premise[*4], render this case moot (see Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 173 [2002]; Matter of Bothar Constr., LLC v Dominguez, 201 AD3d 1231, 1232-1233 [3d Dept 2022]; Matter of Sierra Club v New York State Dept. of Envtl. Conservation, 169 AD3d at 1486). However, a close inspection of the specific relief sought by petitioners in their comments to the original petition for a declaratory ruling suggests the availability of potential relief short of completely unwinding the transaction. To this end, petitioners seek to reverse the declaratory ruling and have the PSC engage in an analysis pursuant to CLCPA § 7 (2), which expressly provides that "[i]n considering and issuing permits, licenses, and other administrative approvals and decisions, . . . all state agencies . . . shall consider whether such decisions are inconsistent with or will interfere with the attainment of the statewide greenhouse gas emissions limits established in [ECL] article 75." Importantly, that provision further provides that if an inconsistency is found, the agency "shall provide a detailed statement of justification as to why such limits/criteria may not be met . . . and identify alternatives or greenhouse gas mitigation measures to be required where such project is located" (CLCPA § 7 [2]). Further consideration by an agency in assessing whether to grant administrative approvals and/or issue decisions "shall not disproportionately burden disadvantaged communities" as defined in the relevant section of the Environmental Conservation Law (CLCPA § 7 [3]). While we need not express a definitive position as to whether the unwinding of the transaction is feasible at this juncture, other relief is available, such as the environmental mitigation expressly contemplated in the CLCPA (see Matter of Piagentini v New York State Bd. of Parole, 176 AD3d 138, 140 n 2 [3d Dept 2019], lv denied 35 NY3d 906 [2020]; U.S. Bank N.A. v Martinez, 162 AD3d 528, 528 [1st Dept 2018]; compare Matter of Pillmeier Produce Farms v Commissioner of Agric. & Mkts., 38 AD3d 1092, 1093 [3d Dept 2007]; Matter of Save the Pine Bush v Cuomo, 200 AD2d 859, 860 [3d Dept 1994], lv dismissed 83 NY2d 884 [1994]).[FN4] Under these circumstances, we do not believe the controversy is rendered moot.
Finally, as an alternative ground for affirmance, the crypto respondents argue that petitioners lack standing to challenge the declaratory ruling because they failed to demonstrate an injury-in-fact stemming directly from such ruling. We disagree. "To establish standing to challenge respondent's governmental action, . . . [petitioners must] demonstrate both that [they] might suffer an injury in fact — i.e., actual harm by the action challenged that differs from that suffered by the public at large — and that such injury falls within the zone of interests" of the legislation or statute through which the government acted (Matter of Saratoga Lake Protection & Improvement Dist. v Department of Pub[*5]. Works of City of Saratoga Springs, 46 AD3d 979, 981 [3d Dept 2007] [internal quotation marks and citation omitted], lv denied 10 NY3d 706 [2008]; see Matter of Schwartz v Morgenthau, 7 NY3d 427, 432 [2006]; Matter of Jorling v Adirondack Park Agency, 214 AD3d 98, 102 [3d Dept 2023]; Made From Scratch v City of New York, 200 AD2d 439, 439 [1st Dept 1994], lv denied 83 NY2d 755 [1994]). Here, petitioners seek to have the PSC engage in an additional review process pursuant to the CLCPA in connection with Digihost and Fortistar's petition seeking the written consent of the PSC to complete its purchase of the facility in question (see Public Service Law §§ 70, 83). In doing so, petitioners rely on the impact of the transaction on the disadvantaged communities of which their members are a part as well as the proximity of several of its members to the facility, noting the potential increase in emissions. As with other analogous proceedings that are premised upon environmental harm, petitioners must allege something more than generalized concerns (see Matter of Save Our Main St. Bldgs. v Greene County Legislature, 293 AD2d 907, 908 [3d Dept 2002], lv denied 98 NY2d 609 [2002]; compare Matter of Soule v Town of Colonie, 95 AD2d 979, 979-980 [3d Dept 1983]). Moreover, proximity alone is generally insufficient to raise an environmental challenge (see Matter of Creda, LLC v City of Kingston Planning Bd., 212 AD3d 1043, 1046 [3d Dept 2023]). Nevertheless, as articulated in the petition, by virtue of petitioners' members' proximity to the facilities, the proposed increase in use of those facilities will affect them differently than other members of the public, thus conferring standing under the specific facts of this case (see Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d 297, 305-306 [2009]; Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 779 [1991]; Matter of Town of Coeymans v City of Albany, 284 AD2d 830, 833-834 [3d Dept 2001], lvs denied 97 NY2d 602 [2001], 97 NY2d 602 [2001]; compare Matter of Clean Water Advocates of N.Y., Inc. v New York State Dept. of Envtl. Conservation, 103 AD3d 1006, 1008 [3d Dept 2013], lv denied 21 NY3d 862 [2013]). Accordingly, we reverse the dismissal of the petition and remit for further proceedings. The parties' remaining arguments, to the extent not addressed, have been considered and found unavailing.
Garry, P.J., Egan Jr., Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, respondent Public Service Commission's motion denied, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: Supreme Court denied petitioners' request for an injunction. Petitioners did not seek an injunction from this Court and the parties represent that the transaction has since been completed.
Footnote 2: At oral argument, the parties confirmed that petitioners have commenced a separate CPLR article 78 proceeding challenging the June rehearing determination.

Footnote 3: We note that the PSC has offered its concession that the proceeding that petitioners have commenced challenging its June 2023 determination is timely. Nevertheless, we are called upon to address the import of the initial decision and, in that respect, that issue is largely irrelevant to our analysis.

Footnote 4: Notably, the PSC has undertaken an analysis pursuant to CLCPA § 7 (2) and (3) in assessing a petition seeking amendment to a certificate of public convenience and necessity (see Petition of Liberty Util. [St. Lawrence Gas] Corp. for an Expedited Modification to Its Certificate of Pub. Convenience and Necessity, NY PSC Case No. 22-G-0205, 2022 WL 14782575 [Oct. 17, 2022]).